### AMERICAN GRAPHOPHONE CO. v. INTERNATIONAL RECORD CO.

#### (Circuit Court, S. D. New York. June 11, 1907.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The presumption in favor of the validity of a patent created by a decision of the Circuit Court of Appeals sustaining it cannot be overcome on a motion for a preliminary injunction in a subsequent case by ex parte affidavits relating to matters occurring several years previously.

In Equity. Suit for infringement of letters patent No. 688,739, for a process for making sound records, granted to Joseph W. Jones December 10, 1901. On motion for preliminary injunction.

C. A. L. Massie, for the motion.
Waldo G. Morse, opposed.

LACOMBE, Circuit Judge. This patent was sustained and construed by the Court of Appeals upon voluminous records and after a long hearing on exhaustive briefs. Am. Graph. Co. v. Universal Talking M. M. Co. and Same v. American Record Co. (C. C. A. Second Circuit, Jan. 14, 1907), 151 Fed. 595. This creates a presumption in favor of the patent, which defendant must rebut by satisfactory proof. It relies mainly upon affidavits and an abandoned application. Whether the statements of the affiants are of such a character as would induce the Court of Appeals, if it believed them, to modify its former opinion, is at least doubtful; but certainly in their present condition, untested by cross-examination and dealing with the events of ten years and more ago, this court cannot accept them as sufficient ground for overruling the Court of Appeals as to either validity or construction.

Under the rules as to additional processes adopted by the Court of Appeals in the American Record Case, infringement seems to be quite satisfactorily made out, although the evidence is mainly circumstantial.

Complainant may take order for preliminary injunction.